**ORDERED.**

Dated: April 24, 2024

_Jason A. Burgess_
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re | ) | |
| TIJUANA FLATS RESTAURANTS, LLC, *et al*,[1] | ) ) | Case Nos.  3:24-bk-1122-BAJ and  3:24-bk-1128-BAJ |
| Debtors. | ) ) | Chapter 11 |
| | ) | Jointly Administered Under Case No. 3:24-bk-1128-BAJ |

**ORDER (A) AUTHORIZING RETENTION AND**
**APPOINTMENT OF STRETTO, INC. AS NOTICING AND**
**SOLICITATION AGENT, AND (B) GRANTING RELATED RELIEF**

This Chapter 11 case came before the Court upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (the "Debtors") for entry of an order (this "Order"), (a) authorizing the retention and appointment of Stretto, Inc. ("Stretto") as noticing agent ("Noticing Agent") pursuant to 28 U.S.C. §

---

[1] The Federal Employer Identification Number of the Debtor is 47-4472442.  The principal address of the Debtor is 2300 Maitland Center Parkway, Suite 306, Maitland, Florida 32751.

156(c) and §§ 105(a) and 327(a) of the Bankruptcy Code, and (b) granting related relief, all as more fully set forth in the Application. Upon consideration thereof, it is ORDERED:

1. The Application is approved on a final basis as set forth herein.

2. Debtors are authorized to retain and appoint Stretto as Noticing Agent under the terms of the Engagement Agreement as set forth in this Order, and Stretto is authorized and directed to perform noticing and balloting services and other related tasks as described in the Application, the Engagement Agreement, and this Order. The Clerk shall provide Stretto with ECF credentials that allow Stretto to receive ECF notifications and file certificates of service.

3. Stretto is authorized to take such other action to comply with all duties and Services set forth in the Application.

4. Notwithstanding §§ 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016, Debtors are authorized to compensate Stretto in accordance with the terms of the Engagement Agreement upon the receipt of reasonably detailed invoices setting forth the services provided by Stretto and the rates charged for each, and to reimburse Stretto for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for Stretto to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses.

5. Stretto shall maintain records of all services showing dates, categories of services, fees charged and expenses incurred, and shall serve monthly invoices on the

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.
[818682/2]

Debtors, the Office of the United States Trustee, counsel for the Debtors, counsel for any official committee monitoring the expenses of the Debtors, and any party in interest who specifically requests service of the monthly invoices.

6. The parties shall meet and confer in an attempt to resolve any dispute that may arise relating to the Engagement Agreement or monthly invoices; *provided* that the parties may seek resolution of the matter from the Court if resolution is not achieved.

7. Without further order of the Court, pursuant to § 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of Stretto under this Order shall be an administrative expense of the Debtors' estates.

8. Stretto may apply its advance to all prepetition invoices, which advance may be replenished to the original advance amount, and thereafter, Stretto may hold its advance under the Engagement Agreement during this Chapter 11 case as security for the payment of fees and expenses incurred under the Engagement Agreement.

9. The Debtor shall indemnify the Indemnified Parties (as defined in the Engagement Agreement) under the terms of the Engagement Agreement, as modified pursuant to this Order.

10. The Indemnified Parties shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Agreement for services other than the services provided under the Engagement Agreement, unless such services and the indemnification, contribution, or reimbursement therefor are approved by this Court.

11. Notwithstanding anything to the contrary in the Engagement Agreement, Debtors shall have no obligation to indemnify the Indemnified Parties, or provide contribution or reimbursement to the Indemnified Parties, for any claim or expense that is

either:  (a) judicially determined (the determination having become final) to have arisen solely from the Indemnified Parties' gross negligence, willful misconduct, fraud, bad faith, self-dealing, or breach of fiduciary duty (if any) as provided in this Order; (b) for a contractual dispute in which the Debtors allege the breach of the Indemnified Parties' contractual obligations if this Court determines that indemnification, contribution, or reimbursement would not be permissible under applicable law; or (c) of any type for which the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to *In re Thermadyne Holdings Corp.*, 283 B.R. 749, 756 (B.A.P. 8th Cir. 2002); or (d) settled prior to a judicial determination under (a) or (b), but determined by this Court, after notice and a hearing, to be a claim or expense for which the Indemnified Parties should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Agreement as modified by this Order.

12. If, before the earlier of (a) the entry of an order confirming a Chapter 11 plan in this Chapter 11 case (that order having become a final order no longer subject to appeal), or (b) the entry of an order closing this chapter 11 case, the Indemnified Parties believe that they are entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Engagement Agreement (as modified by this Order), including the advancement of defense costs, the Indemnified Parties must file an application therefor in this Court, and the Debtors may not pay any such amounts to the Indemnified Parties before the entry of an order by this Court approving the payment. If the Indemnified Parties seek reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the Engagement Agreement, the invoices and

supporting time records for the attorneys' fees and expenses shall be included in the Indemnified Parties' own applications, both interim and final, but determined by this Court after notice and a hearing. This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by the Indemnified Parties for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify the Indemnified Parties. All parties in interest shall retain the right to object to any demand by the Indemnified Parties for indemnification, contribution, or reimbursement.

13. In the event Stretto is unable to provide the Services set out in this Order, Stretto will immediately notify the Clerk and the Debtors' attorney and, upon approval of this Court, cause to have all computer information turned over to another claims and noticing agent with the advice and consent of the Clerk and the Debtors' attorney.

14. In the event of any inconsistency between the Engagement Agreement, the Application, and this Order, this Order shall govern.

15. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

16. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

17. Debtors and Stretto are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

18. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

[818682/2]

Richard R. Thames, Esq. is directed to serve a copy of this Order on interested parties who are non-CM/ECF users and file a proof of service within three days of entry of the Order.

[818682/2]