**ORDERED.**

Dated:  May 10, 2024

_____
Jason A. Burgess
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## <u>JACKSONVILLE DIVISION</u>

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| TIJUANA FLATS RESTAURANTS, LLC, *et al*,[1] | ) | Case Nos.  3:24-bk-1122-BAJ and  3:24-bk-1128-BAJ |
| | ) | |
| Debtors. | ) | Chapter 11 |
| | ) | |
| | ) | Jointly Administered Under Case No. 3:24-bk-1128-BAJ |
| _____ | ) | |

### ORDER CONDITIONALLY GRANTING DEBTORS' MOTION FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES AND PROHIBITING <u>UTILITIES FROM ALTERING OR DISCONTINUING UTILITY SERVICE</u>

> **Any interested party who fails to file and serve a written objection to the motion (as conditionally approved by this Order) within 30 days after entry of the Order, shall be deemed to have consented to the provisions of this Order.**

This case came before the Court upon the motion of the debtors, Tijuana Flats #176, LLC and Tijuana Flats Restaurants, LLC (collectively, the "Debtors"), for entry of

---

[1] The Federal Employer Identification Number of the Debtors are Tijuana Flats #176, LLC (45-4775435) and Tijuana Flats Restaurants, LLC (47-4472442).  The principal place of business of Tijuana Flats #176, LLC is 2025 Riverside Avenue, Suite 4, Jacksonville, Florida 32204 and the principal address of Tijuana Flats Restaurants, LLC is 2300 Maitland Center Parkway, Suite 306, Maitland, Florida 32751.

[817865/3]

an order pursuant to 11 U.S.C. §§ 105(a) and 366 (i) determining the adequacy of the post-petition assurance of payment which Debtors have presented to its utility providers, and (ii) prohibiting its utility providers from terminating utility service (the "Utility Motion") [Docket No. 68].  Upon consideration of the Utility Motion, the Court finds that (i) it has jurisdiction over the matters raised therein pursuant to 28 U.S.C. §§ 157 and 1334, (ii) this is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2), (iii) the relief requested in the Utility Motion is in the best interest of Debtors, their estates and creditors, and (iv) good and sufficient cause exists for granting of the relief requested in the Utility Motion as set forth herein.  Accordingly, it is ORDERED:

1. The Utility Motion is conditionally granted.

2. The Debtors receive services from the utility providers identified on Exhibit A attached to the Utility Motion.  The Utility Companies are forbidden to alter, refuse or discontinue service on account of any unpaid prepetition charges, or to require additional adequate assurance of payment other than the Adequate Assurance, as defined in the Utility Motion, pending entry of the final order.

3. The Debtors' proposal to provide adequate assurance of payment to the Utility Companies through its cash flow operations and/or if separately approved, debtor-in-possession financing, as stated in the Utility Motion, as required in 11 U.S.C. § 366 and is approved conditionally.

4. Pending a final hearing, Debtors are directed to maintain existing, pre-petition Utility Bonds to provide the Utility Companies with Adequate Assurance as proposed in the Motion.  Debtors are authorized, in their discretion, to pay pre-petition

[817865/3]

amounts due on accounts where bonds are in place as additional adequate assurance of payment.

5. The Debtors shall provide up to a one-month deposit equal to the average month's utility bill for any location where the applicable Utility Company does not have a Utility Bond or the deposit does not meet or exceed the monthly average utility expense. The deposit will be posted within an agreed upon time but in no event more than sixty (60) days from entry of a final order.

6. Any written objections to the Motion shall be filed with the Court and served on the Debtors and their counsel within thirty (30) days from the entry of this Order. If no timely objections are filed, this Order will be final without further notice or hearing.

7. Debtors may, in their sound business judgment, pay invoices for some or all pre-petition Utility Services received by Debtors without further order of the Court to the extent Debtors believe such payments are reasonable and appropriate in connection with the provision of adequate assurance to a Utility Company.

8. Nothing in this interim order shall be read to prohibit or otherwise take away the rights of the Utility Companies to object to the method of calculating monthly average use or to the adequate assurance proposed by Debtors in the Motion.

9. Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

10. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

[817865/3]

11.     The Court will hold another preliminary hearing on the Motion on June 27, 2027, at 1:00 p.m. (Eastern Time), before the Honorable Jason A. Burgess, United States Bankruptcy Judge, in Courtroom 4A, 4th Floor, Bryan Simpson United States Courthouse, 300, North Hogan Street, Jacksonville, Florida 32202.  All parties may attend the hearing in person.  Parties are directed to consult the Procedures Governing Court Appearances regarding the Court's policies and procedures for attendance at hearings by Zoom, available at https://www.flmb.uscourts.gov/judges/burgess.

Stretto, Inc. is directed to serve a copy of this Order on interested parties who are non-CM/ECF users and file a proof of service within three days of entry of the Order.

[817865/3]