## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | Case Nos.  3:24-bk-1122-BAJ |
| | | and  3:24-bk-1128-BAJ |
| TIJUANA FLATS RESTAURANTS, | ) | |
| LLC, *et al*,[1] | | Chapter 11 |
| | ) | |
| Debtors. | | Jointly Administered Under |
| | ) | Case No. 3:24-bk-1128-BAJ |

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS AND METHODOLOGY REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

Tijuana Flats Restaurants, LLC and Tijuana Flats #176, LLC, as debtors and debtors in possession (the "Debtors"), have contemporaneously herewith filed their Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "SOFA", and collectively with the "Schedules," the "Schedules and Statements") in the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court").  The Debtors, with the assistance of their advisors, prepared the Schedules and Statements in accordance with § 521 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

David A. Pearl, the Chief Financial Officer of the companies, signed the Schedules and Statements.  In reviewing and signing the Schedules and Statements, Mr. Pearl has necessarily relied upon the efforts, statements, and representations of various personnel of the Debtors.  While Mr. Pearl and the Debtors' personnel have made reasonable efforts to file complete and accurate Schedules and Statements based upon information available at the time of preparation, the Schedules and Statements remain subject to further review and verification by the Debtors.  Subsequent information may result in material changes in financial and other data contained in the Schedules and Statements.  The Debtors reserve the right to amend their Schedules and Statements from time to time as may be necessary or appropriate.

These Global Notes and Statement of Limitations and Methodology regarding the Schedules and Statements (the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of all of the Schedules and Statements filed in each case.

---

[1]  The Federal Employer Identification Number of the Debtor is 47-4472442.  The principal address of the Debtor is 2300 Maitland Center Parkway, Suite 306, Maitland, Florida 32751.

The Global Notes should be referred to and reviewed in connection with any review of the Schedules and Statements.  In the event the descriptions and methodologies set forth in the Schedules and Statements differ from the descriptions and methodologies set forth in the Global Notes, the Global Notes shall control.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled to the Debtors' financial statements.  In preparing the Schedules and Statements, the Debtors relied on unaudited financial data derived from their books and records that was available at the time of such preparation.  Though the Debtors have made reasonable and good faith efforts to ensure the accuracy and completeness of such financial information, further research or discovery may identify inadvertent errors, omissions or inaccuracies that may necessitate amendments to the Schedules and Statements.

Nothing contained in the Schedules and Statements shall constitute a waiver of any of the Debtors' rights or an admission with respect to their Chapter 11 cases, including, without limitation, any issues involving equitable subordination, setoffs, valuations, offsets or defenses, and/or causes of action arising under the provisions of Chapter 5 of the Bankruptcy Code and any other relevant applicable laws to recover assets or avoid transfers.

**Summary of Significant Reporting Policies**.  The following is a summary of significant reporting policies:

Description of the Case and "As Of" Information Date.  On April 19, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.  The Debtors' cases are being administered under Case Nos. 3:24-bk-01122-BAJ and 3:24-bk-01128-BAJ.  The Debtors currently operate their businesses and possess their property as debtors-in-possession under Bankruptcy Code §§ 1107 and 1108.  Except as otherwise noted, all asset and liability information is as of April 18, 2024.

Allocation of Liabilities.  The Debtors allocated liabilities between the prepetition and post-petition periods based on research conducted in connection with the preparation of the Schedules and Statements.  A number of invoices from vendors straddle the Petition Date.  In preparing the Schedules, the Debtors have made reasonable efforts to allocate these invoices between pre- and post-petition debts and are continuing their efforts to do so.  The Debtors reserve all rights to modify, amend and supplement the Schedules and Statements as is necessary and appropriate. The Debtors also reserve the right to alter the priority and allocation of liability to the extent additional information becomes available.

Bankruptcy Court Orders.  Pursuant to an order entered by the Bankruptcy Court, the Debtors were authorized to pay certain outstanding prepetition claims of employees for wages, salaries and benefits (the "Employee Wage Order") [Docket No. 39] as well as certain prepetition amounts due to utility providers (the "Interim Utilities Order")

[Docket No. 108]. The aggregate amounts owed to employees for all restaurants as of the Petition Date are reflected on the Schedules of Tijuana Flats Restaurants, LLC ("Restaurants"), and have not been broken out on an individual basis. The Debtors do not waive any right to amend the Schedules and Statements and/or subsequently object to any claims on any basis, including that such claims have already been satisfied through payments with respect to any prepetition payment orders.

Claim Descriptions. As indicated above, many claims straddle the Petition Date. The Debtors have attempted to reconcile their accounts to reflect only those sums payable as of the Petition Date. Claims which have not been fully reconciled are listed as "unliquidated." Despite these reasonable and good faith efforts, the Debtors may not have designated all claims on its Schedules and Statements that are "disputed," "contingent," or "unliquidated." Any failure to designate a claim on the Debtors' Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent," or "unliquidated." The Debtors reserve all rights to dispute any claim, whether reflected on its respective Schedules and Statements or asserted pursuant to a filed proof of claim, on any grounds, including, without limitation, amount, liability or classification, or to otherwise subsequently designate such claims as "disputed," "contingent," or "unliquidated" or assert offsets or defenses to any claim reflected on these Schedules as to amount, liability or status.

Classifications. Listing a claim or contract (a) on Schedule D as "secured," (b) on Schedule E as "unsecured priority," (c) on Schedule F as "unsecured nonpriority," or (d) on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant, or a waiver of the Debtors' right to recharacterize or reclassify such claim or contract.

Causes of Action. Despite reasonable and good faith efforts, the Debtors may not have identified and/or set forth all of its claims, potential recoveries and causes of action (filed or potential) against third parties as assets in its Schedules and Statements. The Debtors reserve all rights with respect to any causes of action and nothing in the Global Notes or the Schedules and Statements shall be deemed a waiver of any such claim, potential recovery or cause of action. Similarly, in instances where the Debtors are a defendant in pending causes of action, nothing in the Global Notes or the Schedules and Statements shall be deemed as an admission or determination with respect to, or a waiver of any defense or objection to, such causes of action, and all of the Debtors' defenses, objections, counterclaims and other rights with respect to such causes of action are hereby preserved.

Estimates and Assumptions. In preparing its ordinary-course books and records and the Schedules and Statements, the Debtors were required to make certain estimates and assumptions that affect the reported amounts of assets and liabilities, and the potential values of contingent assets and liabilities on the Petition Date and the reported amounts of revenues and expenses during the reporting period. Actual results could differ from those estimates. The Debtors reserve all rights to modify, amend and supplement the Schedules and Statements as is necessary and appropriate.

Excluded Assets and Liabilities.  The Debtors have excluded certain assets and liabilities from the Schedules and Statements that relate to GAAP bookkeeping conventions that do not represent either assets with potential value or identifiable liabilities. Examples of these GAAP bookkeeping conventions include, inter alia:  assets such as acquisition goodwill and deferred financing costs.  Further, the Debtors did not undertake an exhaustive physical asset inventory as of the Petition Date.  As a result, certain immaterial assets of the Debtors that are not specifically recorded in the Debtors' accounting records may be omitted from the Schedules and Statements.

Executory Contracts and Unexpired Leases.  The Debtors have attempted to set forth all material leases and executory contracts on Schedule G.  This listing may not necessarily include all such contracts as the Debtors appear to be operating under a number of long-standing vendor supply and/or subscription agreements in which the original contracts may have been lost or misplaced.  Moreover, should the Debtors reject any executory contracts and unexpired leases, such rejection may result in the assertion of rejection damages claims; however, the Schedules and Statements do not reflect any potential rejection damages claims.  The Debtors reserve the right to make any arguments and objections with respect to the assertion of any such claims.  Debtors likewise reserve the right to amend Schedule G to include executory contracts or leases that were inadvertently omitted or to include executory contracts or leases that were left off the original Schedule G.

Categories or Labels Used in Schedules and Statements.  Information requested by the Schedules and Statements requires the Debtors to make judgments regarding the appropriate category in which information should be presented or how certain parties, claims or other data should be labeled.  The Debtors' decisions regarding the category or label it uses is based on the best information available as of the filing of the Schedules and Statement and within the time constraints imposed by the Bankruptcy Code and Bankruptcy Rules.  The Debtors reserve the right to modify, change or delete any information in the Schedules and Statements by amendments, including to the extent some information currently presented should be moved to a different category or labeled a different way.

**Specific Schedules and Statements Disclosures**.

Schedules A/B, Part 1, Subpart 3.  The account balances reflected in Schedules A/B, Part 1, Subpart 3 include funds and rebates held for TJF Franchise Group, LLC, Tijuana Flats Just in Queso Foundation and closed subsidiaries, and may therefore be overstated.

Schedules A/B, Part 3, Subpart 11.  Accounts receivable represents credit card payments received, but not yet cleared and payments from third party food delivery services.

Schedules A/B, Part 4, Subpart 15.  Schedule A/B, Part 4 requires the Debtors to disclose the value of their investments or ownership interests in incorporated or unincorporated businesses, including any interest in an LLC, partnership or joint venture.

Restaurants is the parent entity for Tijuana Flats #176, LLC ("TJF176"), TJF Franchise Group, LLC and multiple closed, non-operating Tijuana Flats restaurant locations. The Debtors are unable to provide a valuation of the subsidiaries at this point.

<u>Schedules A/B, Part 5, Subparts 19 and 25</u>. Scheduled amounts include $222,643.15 in perishable agricultural products sold to the Debtors prior to the Petition Date, the majority of which were provided in the 20 days preceding the Petition Date. Debtors do not currently have a sufficient break-out of the perishable and non-perishable agricultural products purchased in the days leading up to the Petition Date. Additionally, the amounts scheduled may include product purchased by closed locations during the relevant time period. Therefore, the amounts listed in Subpart 25 are likely overstated.

The products reflected in Subpart 25 are not necessarily reflected in the inventory values reflected on Subpart 19 as food inventory is consumed on a daily basis.

<u>Schedules A/B, Part 8, Subpart 50</u>. The values for furniture, fixtures, equipment and leasehold improvements set forth in subpart 50 of Schedule B, Part 8 reflect the estimated book value of the equipment as of December 31, 2022.

<u>Schedules A/B, Part 11, Subpart 71</u>. The $240,480.68 in Quarter 1 Administrative Fees due from US Foods, Inc. ("US Foods") includes rebates and other sums belonging to TJF Franchise Group, LLC and franchisees of TJF Franchise Group, LLC.

<u>Schedule D - Creditors Holding Secured Claims</u>. To the best of the Debtors' knowledge, LSC2022, LLC, the holder of secured claims against each of the Debtors, has properly perfected its liens against each of the Debtors by virtue of it having recorded UCC-1 Financing Statements in the applicable Debtors' state of domicile.

US Foods supplied approximately $222,643.15 in perishable agricultural products to the Debtors prior to the Petition Date for which it has not been paid. As a result, US Foods holds a floating lien on all cash and cash equivalents of the Debtors pursuant to the Perishable Agricultural Commodities Act of 1930, 7 U.S.C. § 499a ("PACA"). Case law suggests the assets subject to its lien are also subject to a statutory trust and are not therefore property of the estate. Debtors have nonetheless included these assets in their Schedules.

Debtors have attempted to value the secured claims of the various tax collectors by locations in each county utilizing the December 31, 2022 inventory of furniture, fixtures and equipment. The tax collectors' claims may include sums against non-filing entities, and may therefore be overstated. Debtors have therefore listed the tax collector claims as "unliquidated".

Although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the value of a creditor's collateral, the secured nature or validity of any such creditor's claim or the

characterization of the structure of any such transaction or any document or instrument related to such creditor's claim (including, but not limited to, whether any document is a true lease or financing arrangement). Without limiting the foregoing, the inclusion on Schedule D of creditors that have asserted liens of any nature is not intended to be an acknowledgement of the validity, extent, or priority of any such liens, and the Debtors reserve their rights to challenge such liens and the underlying claims on any ground whatsoever. Reference to the applicable agreements and other related relevant documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens.

Except as specifically stated herein, real property lessors, utility companies and other parties that may hold security deposits have not been listed on Schedule D. The Debtors have not included on Schedule D all parties that may believe their claims are secured through setoff rights, deposits posted by, or on behalf of, the Debtors, or inchoate statutory lien rights. Any such creditors may, however, be listed on Schedule F.

Schedule E - Creditors Holding Unsecured Priority Claims. As part of certain "first day" orders, the Debtor was authorized to pay, in their own discretion, certain outstanding prepetition claims, including, but not limited to, wages, taxes and benefits under the Employee Wage Order. Those claims are nonetheless included on Schedule E as of the Petition Date.

Schedule E, Part 1, Subpart 2.1. This subpart in Restaurants' Schedules also includes wages owed to Tijuana Flats #176, LLC employees.

The listing of any claim on Schedule E does not constitute an admission by the Debtors that such claim is entitled to priority under § 507 of the Bankruptcy Code. The Debtors reserve the right to dispute the priority status of any claim on any basis.

Schedule F - Creditors Holding Unsecured Nonpriority Claims. The liabilities identified in Schedule F are derived from the Debtors' books and records. Though the Debtors made a reasonable attempt to set forth its unsecured obligations, the actual amount of claims against the Debtors may vary from those liabilities represented on Schedule F. Events that occur during the joint administration of these Chapter 11 cases, such as lease or contract rejections, may impact the total amounts owed to general unsecured creditors.

The claims of creditors for, among other things, merchandise, goods, services, or taxes, may not reflect credits or allowances due from such creditor. The Debtors reserve all of its rights in respect of such credits and allowances.

Schedule G - Executory Contracts. While every effort has been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred. Listing a contract, lease or agreement on Schedule G does not constitute an admission that such contract, lease or agreement is an executory contract or unexpired lease or that such contract, lease or agreement was in effect on the Petition Date or is valid or enforceable. The Debtors hereby reserve all of its rights to dispute the validity, effectiveness, status, or

enforceability of any contracts, agreements, or leases set forth in Schedule G and to amend or supplement such Schedule as necessary. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G; however, nothing in Schedule G shall operate as a bar to the Debtors' right to treat such agreements as severable. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of its business, such as easements, right of way, subordination, non-disturbance agreements, supplemental agreements, amendments, letter agreements, title agreements, non-disclosure agreements and confidentiality agreements. Such documents may not be set forth on Schedule G.

The Debtors reserve all rights to dispute or challenge the characterization of the structure of any transaction or any document or instrument related to a creditor's claim, including, but not limited to, whether any lease is a true lease or financing arrangement.

The Debtors may be a party to certain agreements that have expired by their terms, but all parties continue to operate under terms of the expired agreement. The Debtors have attempted to list all such agreements on Schedule G. The Debtors' inclusion of such contracts, leases or agreements on Schedule G is not an admission that such contract, lease or agreement is an executory contract or unexpired lease.

Omission of a contract, lease or agreement from Schedule G does not constitute an admission that such omitted contract, lease or agreement is <u>not</u> an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts, leases or agreements are not impaired by the omission.

<u>Statements, Parts 1, Subpart 1</u>. The Debtors operate on calendar fiscal year beginning on January 1 and ending on December 31.

Revenues reflect income from non-filing subsidiaries, including TJF Franchise Group, LLC.

<u>Statements, Part 2, Subpart 3</u>. Pursuant to the Debtors' cash management system, the majority of the Debtors' bills were paid through Restaurants. The payments were, however, booked to the specific restaurant location where the indebtedness was incurred.

<u>Statements, Part 2, Subpart 4</u>. In the ordinary course of business, the Debtors utilized centralized cash management systems (the "Cash Management Systems") to collect, transfer, and distribute funds generated by the Debtors' operations on a near daily basis. A description of the Cash Management Systems is set forth in Debtor's Emergency Motion to Authorize (I) Continued Use of Existing Cash Management System, (II) Maintenance of Existing Bank Accounts, (III) Continued Use of Existing Business Forms, and (IV) Banks to Honor Prepetition Payments and Transfers filed on April 22, 2024 [Docket No. 23]. The Debtors' Schedules and Statements do not reflect intercompany transfers associated with the Cash Management Systems.

Statements, Part 3, Subpart 7.  Lawsuits involving either Debtors directly are reflected in this section.  If closed locations or the older management companies were sued, those claimants are listed on Schedule F of Restaurants as "contingent", "unliquidated", "disputed".

Specific Notes.  These Global Notes are in addition to the specific notes set forth in the individual Schedules and Statements.  The fact that the Debtors have prepared a "specific note" with respect to any of the Schedules and Statements and not to others should not be interpreted as a decision by the Debtors to exclude the applicability of any Global Note to any of the Debtors' remaining Schedules and Statements, as appropriate.  Moreover, disclosure of information in one Schedule, Statements, exhibit or continuation sheet, even if incorrectly placed shall be deemed to be disclosed in the correct Schedule, Statement, exhibit or continuation sheet.

Totals.  All totals that are included in the Schedules represent totals of the liquidated amounts for the individual schedule for which they are listed.  To the extent that there are unliquidated, unknown or undetermined amounts, the actual total may be different than the listed total.

Undetermined Amounts.  The description of an amount as "unknown," "TBD," or "undetermined", if applicable, is not intended to reflect upon the materiality of such amount.

Unliquidated Claim Amounts.  As applicable, claim amounts that could not be fairly quantified by the Debtors are scheduled as "unliquidated," "TBD," "undetermined" and/or "unknown."

General Reservation of Rights.  The Debtors specifically reserve the right to amend, modify, supplement, correct, change, or alter any party of its Schedules and Statements as and to the extent necessary and as it deems appropriate.