**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**
**www.flmb.uscourts.gov**

In re:

TIJUANA FLATS RESTAURANTS, LLC, et al,

       Debtor(s).
_____/

Case No. 3:24-bk-01128-BAJ
Chapter 11

### OBJECTION TO DEBTORS' MOTION FOR AUTHORITY TO SUSPEND NON-RESIDENTIAL REAL PROPERTY LEASE PAYMENTS

LOUIS GERACI, LLLP, a Florida limited liability limited partnership ("Geraci") by and through its undersigned counsel, hereby objects to the *Debtor's Motion for Authority to Suspend Non-Residential Real Property Lease Payments* (Doc. 55; the "Motion"), and in support thereof, states as follows:

1. On April 19, 2024 (the "Petition Date"), Tijuana Flats Restaurants, LLC and Tijuana Flats #159, LLC (collectively the "Debtor") filed voluntary petitions for relief under Chapter 11 with the cases being jointly consolidated for administrative purposes.

2. Geraci is the landlord for the non-residential premises located at 2123 & 2127 Cortez Road W, Bradenton, FL 34207 (the "Premises"), as a successor in interest to Florida Investing 13, LLC, that is subject to that certain unexpired Lease Agreement dated May 6, 2011, by and between Geraci and Tijuana Flats #159, LLC as tenant (with all amendments thereto, collectively the "Lease"). Tijuana Flats Restaurants, LLC, is the successor by merger to Tijuana Flats #159, LLC, and the current tenant under the Lease.

3. As of the Petition Date, the Debtor owed Geraci $13,348.79 based on failures to pay rent timely detailed in proof of claim #86 filed by Geraci on May 28, 2024.

4. At the hearing on the Motion on May 6, 2024, this Court granted in part on an interim basis the Debtor's Motion finding there was cause pursuant to 11 U.S.C. § 365(d)(3) (Doc 84).

5. Geraci objects to the Debtor's request for the suspension of the post-petition rent payments "to be paid in connection with the assumption of the lease(s) under § 365(a) or, in the event of a lease rejection, on or before confirmation of a plan of reorganization as required by 11 U.S.C. § 1129(a)(9)" per the Debtor's *Motion*.

6. Geraci joins SCRE II Tower Maitland, Limited Partnership in its objection (Doc 73) and assertion that the plain language of 365(d)(3) requires any suspended payment or obligation that is suspended without the express consent of the relevant landlord should not be due or suspended "beyond such 60-day period" 11 U.S.C. § 365.

7. To the extent consistent with the objections expressed herein, Landlords also join in the objections filed by the Debtors' other landlords.

8. Landlords reserve the right to amend and/or supplement this Objection and to raise any additional arguments at the hearing. Landlords also reserve all rights regarding the allowance of their administrative expense claims arising during the current or any further Extension Period.

Based on the foregoing, Geraci respectfully requests the Motion be granted in part conditioned on all payments of suspended rent and obligations being due on or before June 19, 2024.

Dated: May 28, 2024

                        Respectfully submitted,

                        Roberts Law, PLLC
                        2075 Main Street, Suite 23
                        Sarasota, Florida 34237
                        Office (941) 444-9783
                        Fax (941) 296-8517
                        www.kellyrobertslaw.com

                        By: /s/ Kelly Roberts
                        Kelly Roberts, Esq.
                        F.B.N. 83804
                        kelly@kellyrobertslaw.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing has been served on Tuesday, May 28, 2024, to all parties receiving notices via CM/ECF, and the parties listed below were served via U.S. or Certified Mail as indicated:

U.S. Mail:

Tijuana Flats Restaurants, LLC
2300 Maitland Center Parkway, Suite 306
Maitland, FL 32751

Certified Mail:

None

/s/ Kelly Roberts
Kelly Roberts, Esq.
Roberts Law, PLLC