**ORDERED.**

**Dated:  January 17, 2025**

_____
Jason A. Burgess
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re | ) | |
| TIJUANA FLATS RESTAURANTS, LLC, *et al*,[1] | ) | Case Nos.  3:24-bk-1122-BAJ and  3:24-bk-1128-BAJ |
| | ) | |
| Debtors. | ) | Chapter 11 |
| | ) | |
| _____ | ) | Jointly Administered Under Case No. 3:24-bk-1128-BAJ |

**ORDER CONFIRMING DEBTORS'**
**JOINT CHAPTER 11 PLAN OF REORGANIZATION**

These jointly administered Chapter 11 Cases[2] came before the Court for consideration of the Joint Chapter 11 Plan of Reorganization dated November 14, 2024 [Docket No. 489] (the "Plan") filed by debtors, Tijuana Flats Restaurants, LLC and Tijuana Flats #176, LLC (collectively, "Tijuana Flats" or "Debtors").  The material pleadings relating to confirmation include the following:

---

[1]  The Federal Employer Identification Number of Tijuana Flats Restaurants, LLC is 47-4472442.  The principal address of the Debtor is 2300 Maitland Center Parkway, Suite 306, Maitland, Florida 32751.

[2]  Capitalized terms used but not otherwise defined in this Order shall have the meanings set forth in the Plan.

1.      The Plan [Docket No. 489];

2.      Disclosure Statement filed November 14, 2024 (the "Disclosure Statement") [Docket No. 490];

3.      Declaration of James J. Greco in Support of Confirmation of the Debtors' Joint Chapter 11 Plan of Reorganization filed January 10, 2025 (the "Greco Declaration") [Docket No. 689], as amended January 13, 2025 [Docket No. 698] to append Exhibit A thereto;

4.      Amended Trial Order (1) Conditionally Approving Joint Disclosure Statement, (2) Determining Dates, Procedures and Forms for Plan Solicitation Process, (3) Establishing Vote Tabulation Procedures, (4) Establishing Objection Deadlines, (5) Establishing Administrative Claims Bar Date, and (6) Scheduling Hearing to Consider Confirmation of Debtors' Plan of Reorganization and Final Approval of Joint Disclosure Statement [Docket No. 514];

5.      Proof of Service by Stretto, Inc. regarding Joint Chapter 11 Plan of Reorganization, Disclosure Statement and Other Solicitation Materials filed December 5, 2024 [Docket No. 554];

6.      Ballot Tabulation [Docket No. 688];

7.      United States Trustee's Objection to Debtors' Joint Plan of Reorganization filed January 7, 2025 [Docket No. 666];

8.      Hillsborough County Tax Collector's Objection to Confirmation of Debtors' Joint Chapter 11 Plan of Reorganization filed January 7, 2025 [Docket No. 669];

9.      Limited Objection of BRE Mariner Carrollwood, LLC, BRE Throne Beneva Village Shops, LLC and PRD Owner, LLC to Debtors' Joint Chapter 11 Plan of Reorganization filed January 7, 2025 [Docket No. 668];

10.     3687 Tampa Road Crossing, LLC's Notice of Joinder and Limited Objection to Debtors' Joint Chapter 11 Plan of Reorganization [Docket No. 695]; and

11.     Notice of Joinder filed by Weingarten Nostat, LLC and Ramco Jacksonville, LLC in the limited objection filed by BRE Mariner Carrollwood, LLC, BRE Throne Beneva Village Shops, LLC and PRD Owner, LLC [Docket No. 699].

A hearing to consider confirmation of the Plan was held January 14, 2025.  Upon the record and the evidence presented, the Court makes the following findings of fact and conclusions of law:

A.    <u>Jurisdiction and Venue</u>.  This Court has jurisdiction over these Chapter 11 Cases pursuant to §§ 157 and 1334 of Title 28 of the United States Code.  Venue is proper pursuant to §§ 1408 and 1409 of Title 28 of the United States Code.  Confirmation of the Plan is a core proceeding pursuant to § 157(b)(2)(L) of Title 28 of the United States Code, and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

B.    <u>Commencement and Administration of the Chapter 11 Case</u>.  The Debtors commenced their Chapter 11 Cases by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on April 19, 2024 [Docket No. 1].  The Debtors have since operated their businesses and managed their properties as Debtors in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.  Debtors were and are qualified to be debtors under § 109 of the Bankruptcy Code.

C.    <u>Adequacy of Disclosure Statement</u>.  The Disclosure Statement satisfies the requirements of § 1125 of the Bankruptcy Code and contains adequate information to permit creditors and parties in interest to make an informed decision on whether to accept or reject the Plan.

D.    <u>Solicitation Procedures Order</u>.  On November 20, 2024, the Court entered its Amended Trial Order (1) Conditionally Approving Joint Disclosure Statement, (2) Determining Dates, Procedures and Forms for Plan Solicitation Process, (3) Establishing Vote Tabulation Procedures, (4) Establishing Objection Deadlines, (5) Establishing

Administrative Claims Bar Date, and (6) Scheduling Hearing to Consider Confirmation of Debtors' Plan of Reorganization and Final Approval of Joint Disclosure Statement [Docket No. 514] (the "Solicitation Procedures Order").  Pursuant to the Solicitation Procedures Order, Debtors were instructed to provide copies of (i) the Plan, (ii) the Disclosure Statement, (iii) a ballot (where appropriate), and (iv) other solicitation materials as specified in the Solicitation Procedures Order (collectively, the "Solicitation Materials") to creditors and parties in interest in the manner described in the Solicitation Procedures Order.

E.    <u>Transmittal and Mailing of Solicitation Materials</u>.    Thereafter, the Solicitation Materials were transmitted and served upon all interested parties in compliance with the Solicitation Procedures Order and in compliance with Bankruptcy Rules 2002(b) and 3020(b)(2), and no other or further notice is required.  Votes for acceptance or rejection of the Plan were solicited in good faith, and the Debtors are otherwise in compliance with Bankruptcy Code §§ 1125 and 1126 and Bankruptcy Rules 3017 and 3018.

F.    <u>Notice of Confirmation Hearing</u>.  Notice of the Confirmation Hearing and the solicitation of acceptances and rejections of the Plan complied with the terms of the Solicitation Procedures Order, was appropriate and satisfactory based upon the circumstances of the Debtors' Chapter 11 Cases, and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

G.    <u>Identification of Plan Proponent</u>.  As required by Bankruptcy Rule 3016(a), the Plan is dated and identifies the Debtors as the Plan proponents.

H.    <u>Classifications</u>.    In addition to Administrative Claims and Priority Tax Claims, which need not be classified, the Plan designates 4 Classes of Claims and Interests.

The Claims and Interests placed in each Class are substantially similar to the other Claims or Interests, as the case may be, in such Class.  Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims and Interests created under the Plan.  The classifications were not created for any improper purpose and the creation of such Classes does not unfairly discriminate between Holders of Claims and Interests. The Plan thus satisfies §§ 1122 and 1123(a)(1) of the Bankruptcy Code.

I.    <u>Designation of Impaired and Unimpaired Classes</u>.  The Plan specifies that Classes 1 through 3 are Impaired under the Plan.  Article VI of the Plan details the treatment of each Impaired Class.  Sections 1123(a)(2) and 1123(a)(3) of the Bankruptcy Code are thus satisfied.

J.    <u>No Discrimination</u>.  The Plan provides for the same treatment by the Debtors for each Claim or Interest in each respective Class unless the Holder of a particular Claim or Interest has agreed to a less favorable treatment of such Claim or Interest, thereby satisfying § 1123(a)(4) of the Bankruptcy Code.

K.    <u>Adequate Means of Implementation</u>.  Pursuant to § 1123(a)(5) of the Bankruptcy Code, Article VIII of the Plan, and various other provisions of the Plan specifically provide, in sufficient detail, adequate and proper means for the implementation of the Plan, including, among other things, (i) an equity contribution of $205,000 from Flatheads, LLC ("Flatheads"), (ii) the reclassification of Flatheads $1,200,000 administrative expense claim as an equity contribution; (iii) the provision of a $1,000,000 line of credit by LSC2022, LLC ("LSC2022"), which has since been increased to $1,500,000 in availability, (iv) the use of cash collateral through the Effective Date, and

(v) the general authority for all corporate action necessary to effectuate the Plan. Accordingly, the requirements of § 1123(a)(5) of the Bankruptcy Code are satisfied.

L.     <u>Appointment of Officers and Directors</u>.   The Plan contemplates the continued retention of existing officers and directors through the Effective Date.   Section 1123(a)(7) of the Bankruptcy Code is therefore satisfied.

M.     <u>Retention of Claims and Causes of Action</u>.   In accordance with § 1123(b)(3) of the Bankruptcy Code, Article XII of the Plan provides that any Causes of Action that the Debtors may hold against any entity shall vest with the Reorganized Debtors on the Effective Date.   Thereafter, the Reorganized Debtors shall have the exclusive right, but not the obligation, to institute, prosecute, abandon, settle or compromise any Causes of Action of the Debtors without further order of the Court.

N.     <u>Compliance of Plan with the Bankruptcy Code</u>.   The Plan, as modified herein and in open Court, complies with the applicable provisions of Chapter 11 of the Code, thereby satisfying § 1129(a)(l) of the Bankruptcy Code.

O.     <u>Debtors' Compliance with the Bankruptcy Code</u>.   The Debtors, as proponents of the Plan, complied with the applicable provisions of the Code, thereby satisfying § 1129(a)(2) of the Bankruptcy Code.

P.     <u>Plan Proposed in Good Faith</u>.   The Debtors, their officers and professionals proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying § 1129(a)(3) of the Bankruptcy Code.   The Plan is the result of extensive, good faith, arms-length negotiations among the Debtors and their creditor constituency.   This good faith finding is evident from, among other things, the facts and records of this case, the Disclosure Statement, the record of the Confirmation Hearing and other proceedings held

in these Chapter 11 Cases.  The Plan was proposed with the legitimate and honest purpose of maximizing the value of the Debtors' estates for the benefit of creditors and other parties in interest.

Q.    <u>Necessity of Exculpation, Release and Injunction</u>.  The exculpation, release and injunction provisions of the Plan, as modified or limited herein, represent a valid exercise of business judgment and have been negotiated in good faith and at arms' length are supported by adequate consideration, are fair, equitable and reasonable, and are consistent with §§ 105, 524(e), 1122, 1123(b)(3)(A), 1123(b)(6), 1129 and 1142 of the Bankruptcy Code.  The injunctions are described in specific and conspicuous language that satisfies Rule 3016(c), Federal Rules of Bankruptcy Procedure, and are narrowly tailored to achieve their intended purpose.  The injunctions and releases are necessary to fully implement the Plan, and do not violate the prohibitions against third-party releases established by *Harrington v. Purdue Pharma L.P. (In re Purdue Pharma, L.P.)*, 144 S. Ct. 2071 (June 27, 2024).

R.    <u>Approval of Fees and Costs</u>.  Any payment made or to be made by the Debtors for services or for costs and expenses in or in connection with this case, or in connection with the Plan and incident to this case, has been approved by, or is subject to the approval of, this Court as reasonable, thereby satisfying § 1129(a)(4) of the Bankruptcy Code.

S.    <u>Identity of Officers and Directors</u>.  The Plan and Disclosure Statement adequately identify the individuals who will be serving as officers and directors of the

Reorganized Debtors, their affiliations and compensation.[3] Section 1129(a)(5) of the Bankruptcy Code is thus satisfied.

      T.    <u>Regulatory Rate Changes</u>.  The Plan does not provide for any rate change that requires regulatory approval.  Section 1129(a)(6) of the Bankruptcy Code is not therefore implicated.

      U.    <u>Lien Priorities</u>.  The UCC-1 Financing Statements presented at the confirmation hearing establish that LSC2022 holds a first priority security interest in all assets owned by the Debtor, including its trademarks and intellectual property.

      V.    <u>Valuation of Secured Claims</u>.  LSC2022 holds a first priority, blanket lien on and security interests in all assets of the Debtor, tangible and intangible, to secure an indebtedness of approximately $18,815,190.  By agreement, LSC2022's secured claim has been valued at $16,000,000.  Though the liquidation value of the Debtors' assets is clearly less than $16,000,000, the Court cannot say that the going-concern value of the enterprise is less than the agreed valuation.  Furthermore, a lesser valuation would only increase the size of LSC2022's deficiency claim, thereby further diluting the distribution to unsecured creditors.  The Court will not therefore substitute its judgment for that of the Debtors and will value LSC2022's secured claim at $16,000,000, which shall constitute LSC2022's Allowed Secured Claim.

      W.    <u>Best Interest of Creditors and Interest Holders</u>.  The liquidation analysis provided in the Disclosure Statement is persuasive, accurate and credible, is based upon reasonable and sound assumptions, has not been controverted by other evidence, and establishes that each Holder of an Impaired Claim or Membership Interest will receive or

---

[3] Casey Rees, Vice-President of Finance, has left the Debtors' employ since the Plan and Disclosure Statement were filed.  He has not yet been replaced.

retain under the Plan, on account of such Claim or Membership Interest, property of a value as of the Effective Date that is not less than the amount that such Holder would receive or retain if the Debtors were liquidated under Chapter 7 of the Bankruptcy Code on such date. Section 1129(a)(7) of the Bankruptcy Code is thus satisfied.

X.      <u>Acceptance of Plan</u>.  All Classes entitled to vote on the Plan have accepted the Plan in accordance with § 1126(c) of the Bankruptcy Code.  Section 1129(a)(8) of the Bankruptcy Code is thus satisfied.

Y.      <u>Payment of Administrative and Priority Claims</u>.   The treatment of Administrative Claims, Professional Fee Claims and Priority Claims under Article V of the Plan satisfies the requirements of §§ 1129(a)(9)(A), (B) and (C) of the Bankruptcy Code.

Z.      <u>Acceptance of Plan by at Least One Class of Impaired Creditors</u>.  As set forth in the Ballot Tabulation, and as reflected in the record of the Confirmation Hearing, at least one Class of Claims that is Impaired under the Plan has accepted the Plan, determined without including any acceptance of the Plan by any insider of the Debtors holding a Claim in such Class.

AA.     <u>Feasibility</u>.  The Court has considered the Greco Declaration, the financial projections appended thereto, and the testimony presented at the hearing on the Debtors' Omnibus Motion to Assume Unexpired Leases held on January 7, 2025m and finds that the Plan is feasible.  In making this determination, the Court notes the availability of a $1,500,000 line of credit being offered by LSC2022, LLC, which appears sufficient to cover any operational shortfalls during the period of the Plan.  The feasibility standard of § 1129(a)(11) of the Bankruptcy Code is thus satisfied.

BB.    <u>U.S. Trustee Fees</u>.  All United States Trustee fees payable under § 1930 of Title 28 of the United States Code have been paid or will be paid on or promptly through the Effective Date, and thereafter as may be required, thereby satisfying § 1129(a)(12) of the Bankruptcy Code.

CC.    <u>Retiree Benefits</u>.  The Plan provides for the continuation of payment by the Debtors of all "retiree benefits" as defined in § 1114(a) of the Bankruptcy Code at previously established levels.  Section 1129(a)(13) of the Code is satisfied.

DD.    <u>Inapplicable Provisions of § 1129 of the Bankruptcy Code</u>.  Sections 1129(a)(14) and (15) are inapplicable to the Debtor.

EE.    <u>Unexpired Leases and Executory Contracts</u>.  The Plan provides for assumption of all executory contracts and unexpired leases which the Debtors contend are necessary to continue operations.  Section 1129(b)(2) is thus satisfied.

FF.    <u>Transfer Approvals under Applicable Non-Bankruptcy Law</u>.  The Plan, and the transactions contemplated therein, have been duly approved by Debtors in accordance with their governance documents, including their operating agreements.

GG.    <u>Only One Plan</u>.  Other than the Plan, no other Plan has been filed in these Chapter 11 Cases.  Section 1129(c) of the Bankruptcy Code is thus satisfied.

HH.    <u>Plan Purpose</u>.  The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933.  Section 1129(d) of the Bankruptcy Code is not therefore implicated.

II.    <u>Burden of Proof</u>.  The Debtors have met their burden of proving each of the elements of § 1129 of the Bankruptcy Code by a preponderance of the evidence, which is the applicable standard.

JJ.    <u>Conditions Precedent to Effective Date</u>.  Each condition precedent to the

occurrence of the Effective Date set forth in Article XIII of, or elsewhere, in the Plan is

reasonably likely to be satisfied or waived in accordance with the provisions of the Plan.

KK.    <u>Rule 3020(e) Waiver</u>.  The waiver of the 14-day stay period of Rule 3020(e)

is necessary and appropriate in this case to enable the Debtors to timely access their exit

loan facility and begin curing the defaults under the executory contracts and unexpired

leases assumed during the pendency of the Chapter 11 Cases.

**ACCORDINGLY, IT IS ORDERED:**

1.    <u>Approval of Disclosure Statement</u>.  The Disclosure Statement is approved

on a final basis.

2.    <u>Confirmation of the Plan</u>.  The Plan is confirmed, as modified herein.

3.    <u>Incorporation of Plan Documents</u>.  The terms of the Plan and the exhibits

thereto (including any non-material amendments, modifications, or supplements thereto),

are incorporated by reference into and are an integral part of the Plan and this Order.  Each

term, as it may have been altered or interpreted in accordance with this Order, is valid and

enforceable pursuant to its terms.

4.    <u>Plan Modifications</u>.    The following modifications to the Plan were

announced in open court at the Confirmation Hearing:

> (a)    Paragraph 2.45 of the Plan, defining "Priority Tax Claims," is amended to include tangible, intangible or *ad valorem* taxes secured by the Debtors' property.
>
> (b)    Paragraph 8.7 of the Plan, entitled "Exoneration of Certain Parties," is deleted in its entirety.

(c)     Paragraph 9.7(i) of the Plan, entitled "Delivery of Distributions, General Provisions," is amended to delete the following text: Neither the Debtors nor their respective professionals shall incur any liability whatsoever on account of any distributions under this Plan except for gross negligence, willful misconduct or fraud.

(d)     Paragraph 11.1 of the Plan, entitled "Discharge of Claims," is modified as follows: the discharge of § 1141(d) shall be effective as of the entry of the Confirmation Order, subject to the occurrence of the Effective Date.

(e)     Paragraph 11.3 of the Plan, entitled "No Release of Co-Obligor or Joint Tortfeasor," is modified as follows:  the term "Releasees" is limited solely to those persons or entities released pursuant to paragraph 11.2 above.

(f)     Paragraph 11.4 of the Plan, entitled "Exculpation," is amended to except Claims for gross negligence from its scope.

(g)     Paragraph 14.18 of the Plan, entitled "Votes Solicited in Good Faith," is deleted in its entirety.

The foregoing Plan modifications are approved and shall control over any contrary provision in the Plan.

5.     <u>Objections</u>.  All parties have had a full and fair opportunity to litigate all issues raised, or that might have been raised, in connection with the confirmation of the Plan, and any and all comments thereto have been considered by the Court.  With respect to the objection filed by the Hillsborough County Tax Collector, the Debtors acknowledged at the Confirmation Hearing that Hillsborough County, and all similarly situated tax collectors whose Claims may be secured, shall be treated in the manner provided in Section 5.5 of the Plan, which includes payment of statutory interest, and each tax collector shall retain their lien until paid.  The Hillsborough County Tax Collector's objection is therefore overruled as moot.  With respect to the objections to confirmation filed or asserted informally by BRE Mariner Carrollwood, LLC, BRE Throne Beneva Village Shops, LLC,

PRD Owners, LLC, Scribe Enterprises, Inc., Riviera Trading & Marketing, Inc., 3687 Tampa Road Crossing, LLC, Weingarten Nostat, LLC and Ramco Jacksonville, LLC (collectively, the "Objecting Landlords"), the Court finds that the Debtors have previously moved to assume all unexpired real property leases by separation motion(s), and the Court has granted all such motions. Orders approving the assumptions have been entered or will be entered in due course. The Court finds further that the issues raised by the Objecting Landlords are more appropriately addressed in the lease assumption orders as the Debtors did not move to assume their real property leases through the Plan. The terms of the orders authorizing the assumption of the Objecting Landlords' leases -- and any other orders approving the assumption of the Debtors' unexpired real property leases -- shall control over any contrary provision of the Plan and this Confirmation Order. The objections filed by the Objecting Landlords are therefore overruled. The objection filed by the United States Trustee has largely been addressed by the Plan amendments described in paragraph 4 above. The Court finds nonetheless that the Plan does not contain any improper third-party releases, and that the releases contained in paragraph 11.2 and the "gate keeping" provisions of paragraph 11.5 are necessary and appropriate for implementation of the Plan and the success of the reorganized businesses. The Court finds further that the 14-day stay of Bankruptcy Rule 3020(e) should be waived under the circumstances of these cases to permit immediate funding of the Plan. Accordingly, the United States Trustee's objection to confirmation is overruled. Any and all other objections that have not been withdrawn, waived, or settled, and all reservations of rights pertaining to confirmation of the Plan included therein, are overruled on the merits for the reasons stated on the record of the Confirmation Hearing or are otherwise addressed herein.

6.      Findings of Fact and Conclusions of Law.  The findings of fact and the conclusions of law set forth in this Order shall constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  All findings of fact and conclusions of law announced by the Court at the Confirmation Hearing in relation to Confirmation of the Plan are hereby incorporated herein to the extent not inconsistent herewith.  To the extent that any of such findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of such conclusions of law constitute findings of fact, they are adopted as such. The Court reserves the right to supplement the findings of fact and conclusions of law in this Order.

7.      Binding Effect.  Under § 1141 of the Bankruptcy Code, effective as of the Confirmation Date, but subject to the occurrence of the Effective Date, and except as expressly provided in the Plan or this Order, the provisions of the Plan (including the exhibits to, and all documents and agreements executed under, pursuant to, or in contemplation of, the Plan) and this Order shall be binding on (i) the Debtors, (ii) all Holders of Claims against, and Interests in, the Debtors, whether or not such Holders of Claims or Interests filed proofs of Claim in the Chapter 11 Cases, whether or not such Claims or Interests are Impaired under the Plan, and whether or not, if Impaired, such Holders accepted, rejected, or are deemed to have accepted or rejected the Plan, (iii) all non-Debtor parties to executory contracts and unexpired leases with the Debtors, (iv) all entities that are parties to or are subject to any settlements or compromises described in the Plan or herein, (v) every other party in interest in the Chapter 11 Cases, and (vi) each of the foregoing's respective heirs, successors, assigns, trustees, executors, administrators, affiliates, officers, directors, attorneys, agents, representatives, beneficiaries, or guardians, if any.

[845876/5]                                   - 14 -

8.      Use of Cash Collateral.  The Cash Collateral Order [Docket No. 350] shall remain in effect from and after the entry of this Confirmation Order through and including the Effective Date.

9.      Plan Distributions.  The distributions required to be made to the Holders of all Claims pursuant to the Plan shall be made to the persons and entities entitled thereto as provided in the Plan upon the Effective Date in accordance with the provisions of Article IX of the Plan and this Order.

10.     Approval of Assumption and Rejection of Executory Contracts and Unexpired Leases.  At the Confirmation Hearing, Debtors announced their intention to reject their executory contracts with Thinking Phone Networks, Inc., Waste Connection of Florida, Waste Management, Inc. and WCA Waste Corporation, all of which were designated as either "to be assumed" or "to be decided" under the Plan.  Those contracts will therefore be deemed rejected as of the entry of the Confirmation Order with the contract counterparty having thirty (30) days to file a claim for rejection damages, if any. The Court hereby approves the assumption of the Executory Contracts and Unexpired Leases designated for assumption under the Plan as of the Effective Date pursuant to §§ 365 and 1123 of the Bankruptcy Code.  All other executory contracts and unexpired leases to which the Debtors are parties shall be deemed rejected as of the Effective Date except for an executory contract or unexpired lease that (i) previously has been assumed pursuant to a Final Order of this Court, or (ii) is the subject of a separate assumption motion filed by the Debtors under § 365 of the Bankruptcy Code prior to the Effective Date.  A contract counterparty's acceptance of payments from the Debtors following rejection of such contract or unexpired lease shall constitute a waiver of the right to terminate the contract

or lease based on any pre-petition default.  Except as provided in this paragraph 10, nothing in the Plan or this Order will increase, augment, diminish or add to any of the duties, obligations, responsibilities or liabilities of the Debtors under any executory contract or unexpired lease.

11.     <u>Business Judgment</u>.  A reasonable business judgment has been reached with respect to whether to assume or reject each of the executory contracts and unexpired leases as set forth in the Plan.

12.     <u>Continuation of Existing Insurance Policies</u>.  Confirmation of the Plan does not invalidate, terminate or reject any insurance policy, whether pre-petition or post-petition, of the Debtors and all such policies remain in effect under their terms until terminated or replaced.  All such insurance policies shall be terminated as of the Effective Date without any further action by Debtors and/or Reorganized Debtors and any premiums paid, but unused as of the Effective Date, shall be returned to the Reorganized Debtors.

13.     <u>Alcoholic Beverage Licenses</u>.  All food and alcoholic beverage licenses issued to the Debtors or to any of the subsidiaries merged into the Debtors prior to the Petition Date shall be deemed property of the Estates and assumed without condition upon confirmation of the Plan.

14.     <u>Corporate Governance</u>.  Under § 1129(a)(5)(A)(ii) of the Bankruptcy Code, the Court approves the continued employment of the individuals designated as officers or directors of the Debtors through the Effective Date as being consistent with the interests of Holders of Claims and Interests and with public policy; provided, however, that nothing set forth herein shall prevent any of the foregoing individuals from resigning as an officer or director without further order of the Court.  The directors, officers and employees of the

Debtors shall continue to have the benefit of any and all directors' and officers' liability insurance policies that may be in effect, but the Debtors will have no obligation on or after the Effective Date to pay premiums thereunder.

15.    <u>Exculpation</u>.    Except as otherwise specifically provided in the Plan, no Exculpated Party shall have or incur liability for, and each Exculpated Party is hereby released and exculpated from, any Cause of Action or Claim whether direct or derivate related to any act or omission in connection with, relating to, or arising out of the Chapter 11 cases, the formulation, preparation, dissemination, negotiation, or filing the Disclosure Statement, this Plan, any Plan Supplement, or any transaction related to the restructuring contemplated by this Plan, any contract, instrument, release, or other agreement or document created or entered into before or during the Chapter 11 cases in connection with the restructuring, the filing of the Chapter 11 cases, the solicitation of votes for the Plan, the pursuit of Confirmation, the pursuit of consummation, the administration and implementation of this Plan, including the issuance of any securities pursuant to this Plan, or the distribution of property under this Plan or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to any of the foregoing, except for Claims related to any act or omission that is determined in a Final Order to have constituted willful misconduct, gross negligence or actual fraud, but in all respects such Exculpated Parties shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to this Plan and the Confirmation Order.  For avoidance of doubt, the exculpation provisions contained in the Plan shall not extend to the Debtors' affiliates, agents or other representatives.

16. <u>Extinguishment of Prepetition and Administrative Claims</u>.  The rights afforded in the Plan and the treatment of all Prepetition and Administrative Claims in the Plan shall be in exchange for and in complete satisfaction of Claims of any nature whatsoever, against the Debtors or any of their assets or properties.  On the Effective Date, all such Claims against the Debtor shall be deemed satisfied, discharged and released in full, subject to the treatment provided for such Claims in the Plan.

17. <u>Releases</u>.  Notwithstanding anything in the Plan to the contrary, and for the avoidance of all doubt, the releases contained in Article XI of the Plan shall extend solely to the Debtors.

18. <u>Injunctions and Automatic Stay</u>.  Unless otherwise provided in the Plan or in this Order, all injunctions or stays in effect in the Chapter 11 Cases pursuant to §§ 105, 362, or 525 of the Bankruptcy Code or otherwise, or any order of the Court, and existing on the date of this Confirmation Order (excluding any injunctions or stays contained in the Plan or this Confirmation Order) shall remain in full force and effect until the Effective Date.

19. <u>Plan Injunctions</u>.  In addition, and except as otherwise expressly provided for in the Plan, all parties and entities are permanently enjoined on and after the Effective Date, on account of or in connection with any Interest in or Claim or Cause of Action against the Debtor, from:

    (a)    commencing, conducting or continuing in any manner any action or other proceeding of any kind against the Debtors, the Reorganized Debtors, or their successors and assigns and their assets and properties;

    (b)    enforcing, levying, attaching, collecting or recovering by any manner or means any judgment, award, decree or order against the Debtors, the

Reorganized Debtors, or their successors and assigns and their assets and properties;

(c)    creating, perfecting or enforcing any encumbrance of any kind or nature whatsoever against the Debtors, the Reorganized Debtors or their successors and assigns and their assets and properties;

(d)    except as otherwise provided in the Plan, asserting any right of setoff, subrogation or recoupment of any kind or nature whatsoever against any obligation due from the Debtors, Reorganized Debtors or their successors and assigns and their assets and properties;

(e)    commencing or continuing in any manner any action or other proceeding of any kind with respect to any Claim, Interest or Cause of Action against the Debtors, Reorganized Debtors or their successors and assigns and their assets and properties ; or

(f)    taking or not taking (or threatening to take or not take) any action that may interfere with the implementation or consummation of the Plan.

The foregoing injunctions are in addition to those set forth in Section 11.5 of the Plan, the terms of which are expressly incorporated herein by virtue of paragraph 4 of this Order.

20.    <u>Vesting of Assets</u>.    Except as otherwise provided in the Plan or the Confirmation Order, upon the Effective Date, all property of the Estate, including (without limitation) all attorney-client and work product privileges, governmental and other licenses, trade names, trademarks and other intellectual property, shall vest in the Reorganized Debtors free and clear of all liens, Claims, encumbrances and other interests of any kind or nature whatsoever, including (without limitation) rights or claims based on any successor liability.    On and after the Effective Date, the Reorganized Debtors may operate their businesses and may use, acquire, or dispose of their property without supervision or approval of the Bankruptcy Court and free of any restrictions of the Bankruptcy Code or Rules.

[845876/5]

21.    <u>Deadline for Filing Objections to Claims</u>.  The Debtors may file within sixty (60) days from the date hereof any and all objections to the allowance of any Claim, except for those Claims Allowed under the Plan or prior orders of the Court.

22.    <u>Distribution Record Date</u>.  January 14, 2025, is hereby designated as the Distribution Record Date.

23.    <u>No Payments of Fractional Dollars or De Minimis Amounts</u>. Notwithstanding any other provision of this Plan to the contrary, no payment of fractional dollars shall be made pursuant to this Plan.  Whenever any payment of a fraction of a dollar under this Plan would otherwise be required, the actual distribution made shall reflect a rounding down of such fraction to the nearest whole dollar.  Pursuant to section 9.10 of the Plan, the Debtors may but shall not be required to make distributions of less than $50; and each Claim to which this limitation applies shall be discharged, and its Holder shall be forever barred pursuant to Article XI of the Plan from asserting such Claim against the Debtors, the Reorganized Debtors or their Estates.

24.    <u>Settlement of Claims, Disputes and Litigation</u>.  After the Effective Date, the Reorganized Debtors are authorized to resolve or settle any Claim objection, adversary proceeding, contested matter, or pending litigation, in their sole discretion, without further notice and without the necessity of obtaining Bankruptcy Court approval.  All of the aforementioned Claims and objection, estimation and resolution procedures are cumulative and not exclusive of one another.

25.    <u>Expungement or Adjustment to Claims Without Objection</u>.  Any Claim that has been paid, satisfied or superseded may be expunged on the Claims register, and any Claim that has been amended may be adjusted thereon, in both case without a Claims

objection having to be filed and without any further notice to or action, order or approval of the Bankruptcy Court.

26.     <u>U.S. Trustee Fees and Reporting</u>.  The quarterly fees payable to the United States Trustee shall continue to accrue until the earlier of the conversion or dismissal of this case or the entry of the Final Decree.

27.     <u>Exemptions from Taxation</u>.  Pursuant to § 1146(a) of the Bankruptcy Code, the delivery of any deed or other instrument of transfer under, in furtherance of, or in connection with the Plan, including (without limitation) any deeds, bills of sale, assignments, mortgages or deeds of trust, shall not be subject to any stamp, real estate transfer, mortgage recording, sales, use or other similar tax nor any Uniform Commercial Code filing or recording fee or similar taxes or other governmental assessment.  All appropriate state or local government officials and/or agents shall forego the collection of any such tax or governmental assessment and accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment.

28.     <u>Authorization to Consummate Plan and to Execute Such Ancillary Documents as are Necessary to Implement Plan</u>.  All documents and agreements necessary to consummate or otherwise implement the Plan, and all other relevant and necessary documents developed in connection therewith are essential elements of the Plan and entry into and consummation of the transactions contemplated by each such documents and agreements are in the best interests of the Debtors, the Estates, and Holders of Claims and Interests.  The Debtors have exercised reasonable business judgment in determining which agreements to enter into and has provided sufficient and adequate notice of such documents

and agreements.  The Debtors shall be authorized to consummate the Plan at any time after entry of this Confirmation Order, subject to the satisfaction or waiver of the conditions precedent to the Effective Date set forth in Article XIII of the Plan, and to execute, deliver, file and record all agreements, documents, instruments, and certificates relating to such agreements as contemplated under the Plan, and to perform and implement its obligations thereunder.  The terms and conditions of such documents and agreements have been negotiated in good faith, at arm's length, are fair and reasonable and shall, upon completion of documentation and execution, be valid, binding, and enforceable documents and agreements not in conflict with any federal or state law.  The substantial consummation of the Plan within the meaning of § 1127 of the Bankruptcy Code shall be deemed to have occurred on the Effective Date.

29.  <u>Modification of Plan and Plan Documents</u>.  Following entry of this Order, the Debtors shall be authorized upon further order of the Bankruptcy Court, to alter, amend, or modify the Plan in accordance with § 1127(b) of the Bankruptcy Code, or to remedy any defect or omission or reconcile any inconsistency in the Plan in such manner as may be necessary to carry out the purpose and intent of the Plan.

30.  <u>Nonoccurrence of Conditions to the Effective Date</u>.  If each of the conditions to the Effective Date is not satisfied or duly waived in accordance with §13.2 of the Plan, then upon motion by the Debtors made before the time that each of such conditions has been satisfied or duly waived and upon notice to such parties in interest as the Bankruptcy Court may direct, this Confirmation Order will be vacated by the Bankruptcy Court; *provided, however*, that, notwithstanding the filing of such motion, this Confirmation Order may not be vacated if each of the conditions to the Effective Date is

either satisfied or duly waived before the Bankruptcy Court enters an order granting such motion. If this Confirmation Order is vacated pursuant to this section: (a) the Plan will be null and void in all respects; and (b) nothing contained in the Plan will (i) constitute a waiver or release of any Claims by or against, or any Interest in, the Debtors, or (ii) prejudice in any manner the rights of the Debtors or any other party in interest.

31.    <u>Retention of Jurisdiction</u>.  This Court retains jurisdiction of this proceeding pursuant to and for the purposes of §§ 105(a) and 1127 of the Bankruptcy Code for the following purposes:

a.    To hear and determine any and all objections to or applications concerning the allowance, classification, priority, compromise, estimation, or payment of any Claim or Interest;

b.    To hear and determine any and all applications for payments of fees and expenses made by any professional pursuant to §§ 330 or 503 of the Bankruptcy Code, or for payment of any other fees or expenses authorized to be paid or reimbursed under the Bankruptcy Code, and any and all objections thereto;

c.    To hear and determine pending applications for the rejection, the assumption, or the assumption and assignment of Unexpired Leases and Executory Contracts and the allowance of Claims resulting therefrom, and to determine the rights of any party in respect of the assumption or rejection of any Executory Contract or Unexpired Lease;

d.    To hear and determine any and all adversary proceedings, applications, or contested matters, including any remands or appeals;

e.    To hear and determine matters concerning state, local and federal taxes in accordance with §§ 346, 505 and 1146 of the Bankruptcy Code;

f.    To hear and determine all controversies, disputes, and suits which may arise in connection with the execution, interpretation, implementation, consummation, or enforcement of the Plan or in connection with the enforcement of any remedies made available under the Plan;

g.    To liquidate any disputed, contingent, or unliquidated Claims;

h.    To ensure that distributions to holders of Allowed Claims and Allowed Equity Interests are accomplished as provided in the Plan;

i.    To enter and implement such orders as may be appropriate in the event the Confirmation Order is for any reason stayed, reversed, revoked, modified, or vacated;

j.    To enter and implement such orders as may be necessary or appropriate in furtherance of confirmation, implementation, or consummation of the Plan;

k.    To issue injunctions, enter and implement other orders, or take such other actions as may be necessary or appropriate to restrain interference by any Person with Consummation or enforcement of the Plan;

l.    To enable the reorganized Debtors to prosecute any and all proceedings which may be brought to set aside liens or encumbrances and to recover any transfers, assets, properties or damages to which Debtors or the Reorganized Debtors may be entitled under applicable provisions of the Bankruptcy Code or any other federal, state or local laws, including Causes of Action, controversies, disputes and conflicts between Debtors or the Reorganized Debtors and any other party, including, but not limited to, any objections to claims, suits for avoidance and recovery of preferences or fraudulent transfers, and suits for equitable subordination of Claims;

m.    To consider any modification of the Plan pursuant to § 1127 of the Bankruptcy Code, to cure any defect or omission, or reconcile any inconsistency in any order of the Bankruptcy Court, including, without limitation, the Confirmation Order;

n.    To enter and implement such orders as may be necessary or appropriate to execute, interpret, implement, consummate, or enforce the terms and conditions of the Plan and the transactions contemplated under the Plan;

o.    To hear and determine any other matter not inconsistent with the Bankruptcy Code and Title 28 of the United States Code that may arise in connection with or related to the Plan; and

p.    To enter a Final Decree closing the Chapter 11 Cases.

32.    <u>Applicable Law</u>.  Unless a rule of law or procedure is supplied by federal

law (including Bankruptcy Code and Bankruptcy Rules) or unless otherwise specifically

stated, the law of the State of Florida, without giving effect to the principles of conflict of

laws, shall govern the rights, obligations, construction and implementation of the Plan and any agreements or documents executed or cited into in connection with the Plan.

Post-Confirmation Status Conference.  The Court shall hold a Post-Confirmation Status Conference on February 20, 2025, at 1:00 p.m. to consider all pending motions and to discuss implementation of the Plan.  The hearing will be held in Courtroom 4A, 4th Floor, Bryan Simpson United States Courthouse, 300, North Hogan Street, Jacksonville, Florida 32202.  All parties may attend the hearing in person.  Parties are directed to consult the Procedures Governing Court Appearances regarding the Court's policies and procedures for attendance at hearings by Zoom, available at https://www.flmb.uscourts.gov/judges/burgess.  The Court may continue the hearing upon announcement made in open court without further notice.

33.    Distribution Schedule.  On or before February 15, 2025, and in accordance with Local Rule 3020-1(c)(1)(A), Debtors shall file a schedule reflecting the proposed distribution to Class 2 and Class General Unsecured Creditors.  The distribution schedule shall be served on all parties prior to the Post-Confirmation Status Conference described above, and shall inform creditors of their right to be heard with respect to any objection to the proposed distribution schedule.  The Court shall consider approval of the distribution schedule and any objections thereto at the Post-Confirmation Status Conference.

34.    Service of Confirmation Order.  No later than five (5) business days after the Confirmation Date, the Debtors (or its agents) shall serve a copy of this Order upon the parties in interest on the Master Service List and file a certificate of service regarding same. In accordance with Bankruptcy Rules 2002 and 3020(c), within ten (10) business days after the Effective Date, the Debtors (or its agents) shall give notice of the occurrence of the

Effective Date, by United States first class mail postage prepaid, to all parties in interest on the Master Service List; provided, however, that no notice or service of any kind shall be required to be mailed or made upon any person to whom the Debtors mailed a copy of this Order, but received such notice returned marked "undeliverable as addressed," "moved - left no forwarding address," or "forwarding order expired," or similar reason, unless the Debtors have been informed in writing by such person of that person's new address.

35.    <u>Final Order</u>.    This Confirmation Order is a Final Order, and shall be effective immediately notwithstanding Rule 3020(e), Federal Rules of Bankruptcy Procedure.

Stretto, Inc. is directed to serve a copy of this Order on interested parties who are non-CM/ECF users and file a proof of service within three days of entry of the Order.